Mary Jo O'Neill, AZ Bar No. 005924
Jeff A. Lee, OK Bar No. 13483
Lucia Moran, NM Bar No. 151652
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: 602-661-0027
 Fax: (602) 640-5071
mary.oneill@eeoc.gov;
jeff.lee@eeoc.gov;
lucia.moran@eeoc.gov
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Central Transport LLC,<br><br>　　　　Defendant. | **CIV ACTION NO.: 2:26-cv-02201-JJT**<br><br><br>**CONSENT DECREE** |

## I.　RECITALS

1.　This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government. The Commission alleges that Defendant Central Transport LLC ("Central Transport" or "Defendant") engaged in a nationwide pattern or practice of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") by failing or refusing to hire, and failing to keep records as required by the implementing regulations of Title VII pertaining to, Maquater Hamilton, Cassandra Coleman, Talea Ford, and Stephany Smith ("Charging Parties") as well as other qualified female truck driver applicants because of their sex, female ("Aggrieved Individuals").  Defendant denies these allegations.

2.    The Parties to this Consent Decree are the Plaintiff EEOC and the Defendant Central Transport.

3.    The Parties, desiring to settle this action by an appropriate consent decree ("Decree"), agree this Court has jurisdiction over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Decree enforceable against Defendant.

4.    As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.    The Parties acknowledge that the Settlement Amount agreed to herein constitutes a debt owed and collectible by the United States.

6.    For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.    JURISDICTION**

7.    The Parties acknowledge and agree that the Court has jurisdiction over the Parties and subject matter of this action and waive the entry of findings of fact and conclusions of law.

**III.    TERMS AND SCOPE**

8.    The duration of this Decree shall be two (2) years and six (6) months from the date that the Court enters this Decree.

9.    Scope: The terms of this Decree shall apply to Central Transport's headquarters and all its facilities/terminals nationwide.

**IV.    ISSUES RESOLVED**

10.    This Decree resolves the claims alleged in the above-captioned lawsuit, specifically that Defendant failed or refused to hire qualified female applicants for truck driver positions nationwide from January 1, 2016 to present ("Relevant Time Period") and constitutes a complete resolution of all the Commission's claims of unlawful employment practices under Title VII alleged in the lawsuit or in the EEOC's Letter of Determination,

2

and those that arise from several Charges of Discrimination, specifically Numbers 540-2016-03116, 540-2020-01845, 524-2024-02486, and 440-2025-02140 filed by Charging Parties Maquater Hamilton, Cassandra Coleman, Talea Ford and Stephany Smith respectively.

11.     In addition to the Charging Parties, all Eligible Payees who receive any payments from the settlement fund shall execute a release in the form attached as Exhibit A.  This release shall release Central from all Title VII claims that were asserted in the EEOC's complaint or in the EEOC's Letter of Determination in this matter.

12.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V.    MONETARY RELIEF

13.     Judgment is hereby entered in favor of the Commission and against Defendant in the total amount of $5,500,000 ("Settlement Amount"), constituting backpay, lost benefits, interest, compensatory damages, and Claims Administrator costs. Of this amount, up to $50,000 may be allocated to payment for claims administration. To the extent any portion of such allocation (plus any interest from the administrator's investing the Settlement Amount) is not expended on settlement administration, then such excess amount shall be distributed to Eligible Payees per directions of the EEOC. Any claims administration expenses in excess of $50,000, plus any interest accrued by the QSF, shall be borne by Central.

14.     Payments to Charging Parties and Eligible Payees shall be apportioned with 25% allocated to backpay wages memorialized by a W2 form and 75% allocated to compensatory damages memorialized by a 1099 form.

### A.    *Payments to Charging Parties*

15.     Within thirty (30) calendar days after entry of this Decree by the U.S. District Court, EEOC will provide Defendant and the Claims Administrator a payment spreadsheet with the following information for payments to the four Charging Parties: (a) Charging

3

Party's name; (b) payment amount for wages (reportable on IRS Form W-2); (c) payment amount for non-wages (reportable on IRS Form 1099); (d) Charging Party's choice of payment method by electronic transfer or paper check sent via U.S. Mail; and (e) account information for electronic transfer or mailing address for paper check.

16.     Within thirty (30) calendar days after receiving the EEOC's payment spreadsheet, the Claims Administrator will issue payments as specified in the payment spreadsheet.

**B.     *Claims Administrator and Qualified Settlement Fund (QSF)***

17.     Central Transport shall propose a Claims Administrator to the EEOC within fifteen (15) business days following the latter of the date that the parties reach final agreement on the terms of the consent decree and EEOC's provision to Central of the total number of Aggrieved Individuals.  EEOC shall not unreasonably withhold consent to Central's proposed Claims Administrator.

18.     Within fourteen (14) calendar days after entry of the Decree, the Claims Administrator shall establish a high-yield, interest-bearing, qualified settlement fund ("QSF") to hold in trust the settlement funds. The Claims Administrator shall promptly notify the parties when the QSF is established and ready for deposit. Upon receiving notice that the QSF is established and ready for deposit, Central Transport shall direct the wire transfer of the judgment amount to the QSF. All interest earned on the settlement fund shall first be used to pay any administration expenses in excess of $50,000, with the remainder to be distributed to the Eligible Payees. Central Transport shall notify the EEOC after it has completed payment into the QSF.

19.     The Claims Administrator shall distribute payments from the settlement fund to the Charging Parties and to all Eligible Payees pursuant to the direction of the EEOC and in accordance with this Decree.

20.     The Claims Administrator will also perform the following duties:

A. Mail notices and forms related to identification of Aggrieved Individuals and claim forms;

4

B. Receive claim forms;

C. Assist in locating Aggrieved Individuals;

D. Receive and process telephone and/or written inquiries from Aggrieved Individuals and Eligible Payees;

E. Create, track, and maintain data regarding Aggrieved Individuals, Eligible Payees, and payments made from the QSF;

F. Provide status reports and copies of documents to the EEOC, as requested;

G. Transmit notification of monetary awards;

H. Issue payments to Eligible Payees from the QSF;

I. Calculate the amount of and withholding from the backpay amounts for all state, federal and local taxes as required by law;

J. Prepare, file and/or submit to the relevant taxing authorities all necessary taxation forms;

K. Perform other administrative tasks as necessary to facilitate the claims process.

C.    *Claims Process*

21.    The EEOC retains all discretion to determine who is an Eligible Payee and to allocate the total Settlement Amount among the Charging Parties and other Eligible Payees.

22.    The EEOC will apply the following criteria to identify which persons qualify as Eligible Payees, entitled to receive monetary relief: persons who (a) are female; (b) sought employment as a truck driver with Central Transport by submitting paper application at any terminal or facility nationwide or submitted electronically and/or an electronic application during the Relevant Time Period; (c) had a CDL A license at the time of application; and (d) were denied employment as a truck driver by Central Transport at least once during the relevant time period.

23.    Central Transport has already provided information to the EEOC that may be used to identify Potential Aggrieved Individuals ("PAIs"). Based on the information provided by Defendant, the EEOC will develop a list of Potential Aggrieved Individuals

5

(PAI List) to whom notice of the settlement will be sent. The EEOC shall provide the PAI List to the Claims Administrator in an Excel spreadsheet listing the potential Aggrieved Individuals to be sent notice of the settlement and a claims form, including name and last known mailing address, telephone number, and, if known, personal email.

24. To provide the best notice practicable, before any mailing to such Aggrieved Individuals, the Claims Administrator shall run the list of potential Aggrieved Individuals through the United States Postal Service's National Change of Address database ("NCOA").

25. Once claim forms are returned to the administrator, the administrator will provide them to the EEOC. The EEOC will evaluate the claims forms and give Defendant and the administrator a list containing the Eligible Payees' address, their bank information for direct deposit, their backpay amount, their compensatory damages amount, and an executed release in the form of Exhibit A.

26. Within 30 calendar days after receiving the EEOC's list of payments and other information described in the previous paragraph, the claims administrator shall issue the payments as specified in the payment spreadsheet.

**D.     *Taxation of Awards***

27. The Claims Administrator shall be responsible for determining the amount of withholding from backpay for all state, federal, and local taxes as required by law, remitting those amounts to taxing authorities, and filing all necessary tax documents with the taxing authorities.

28. The Claims Administrator shall be responsible for preparing and filing all appropriate tax filings and reports, including, but not necessarily limited to, W-2 and 1099 forms for the Charging Parties and Eligible Payees for payments to them from the Settlement Amount.

29. Defendant shall be responsible for paying all employer side employment taxes to the Claims Administrator.

**VI.     OTHER INDIVIDUAL RELIEF**

6

30.    FAIR CONSIDERATION OF PARTICIPANT APPLICATIONS: Any person identified by Defendant or the EEOC as a potential Aggrieved Individual, and any person identified by the EEOC as an Eligible Payee, is entitled to apply for jobs at Central Transport and go through the recruitment and hiring process applicable to all applicants. Defendant will consider such applicants without discrimination based on sex and without retaliation because of their participation in this process.

## VII.    EQUITABLE RELIEF

### A.    *Injunctive Relief*

31.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which unlawfully discriminates on the basis of sex, including failing and refusing to hire women for truck driver positions because of their sex.

32.    Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII.

33.    Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination for sex related activity in the applicant or hiring process with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant discriminate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings or against anyone who applies for relief under this Decree (i.e., Charging Parties, Aggrieved Individuals, Eligible Payees).

7

**B.**    *EEO Policy Review*

34.    Within sixty (60) calendar days after entry of the Decree, Central Transport will engage, at its sole expense, an Outside Consultant with substantial expertise in equal employment opportunity (EEO) laws to assist Central Transport with the review, revision and, as necessary, expansion of its EEO policies, hiring policies, practices and procedures regarding sex related activity in the applicant or hiring process to ensure full compliance with the statutes enforced by EEOC. Within seventy-five (75) calendar days after entry of the Decree, Defendant shall provide the EEOC with the full name, contact information, resume, and copy of the agreement for services for the individual selected as the Outside Consultant.

35.    Within ninety (90) calendar days after entry of the Decree, in collaboration with the Outside Consultant, Central Transport will review and revise, as necessary, any and all of its policies regarding sex related activities in the hiring or applicant process to ensure they comply with all the requirements of Title VII. The written EEO policies must include at a minimum:

i.     A strong and clear commitment to preventing unlawful sex discrimination;

ii.    A clear and complete definition of disparate treatment based on sex;

iii.   A statement that discrimination based on sex is prohibited and will not be tolerated;

iv.    A clear and strong encouragement of persons who believe they have been discriminated against to report such concerns;

v.     The identification of multiple avenues for reporting allegations of discrimination, including the identification of specific individuals, with telephone numbers and email addresses, to whom employees can report their concerns about discrimination;

vi.    A clear explanation of the steps an employee must take to report discrimination, which must include the options of either an oral or written complaint;

vii.   An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt,

8

fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

viii. An assurance that appropriate corrective action will be taken by Defendant if there is an affirmative finding for the complainant;

ix. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's EEO policies;

x. A promise of maximum feasible confidentiality for persons who oppose unlawful discrimination (usually by reporting or complaining about alleged discrimination), or who participate in an investigation into allegations of discrimination;

xi. An assurance of non-retaliation for persons who oppose unlawful discrimination, (usually by reporting or complaining about alleged discrimination), and for individuals who participate in investigation(s) of such unlawful discrimination, (e.g., providing testimony or other assistance).

36. Within ninety (90) calendar days after entry of the Decree, Central Transport shall add an EEO Form to its application form for truck driver positions, whether paper or electronic, and maintain the form in an applicant tracking system by Central Transport or a third party working on its behalf, such as Ten Street, LLC. The EEO Form will solicit the applicant to voluntarily self-identify their sex for EEO reporting purposes. Data collected from the EEO Form shall be maintained separately from the applicant data in the applicant tracking system and shall not be accessible by Central Transport decisionmakers involved in the hiring process. The EEO Form data shall only be accessible by designated Central Transport human resources or compliance employees, and the Monitor responsible for reviewing Defendant's compliance with this Agreement. Within one hundred and twenty (120) calendar days after entry of the Decree, Defendant will provide a screenshot of the EEO Form from its applicant tracking system to the EEOC and a copy of the hard copy EEO Form related to any paper application, if applicable.

## C. *Training*

37. Central Transport will conduct training, through a third-party vendor, for all

9

employees nationwide who have hiring authority for truck drivers, including but not limited to corporate recruiters, human resource personnel, supervisory personnel, employee relations personnel, regional managers,  terminal managers and assistant terminal managers.

38.    Such employees will be trained at a minimum in the following areas: (a) all forms of employment discrimination in the hiring process prohibited under the statutes enforced by the EEOC, with an emphasis on employment discrimination prohibited under Title VII; the Defendant's policy and procedures for reporting alleged discrimination with particular focus on sex discrimination and the duty to hire in compliance with Title VII; (b) understanding the kind of conduct which may constitute unlawful sex discrimination; and  (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's record keeping obligations and filing of EEO-1 reports.

39.    All training under this section will be at Defendant's selection and expense.

40.    Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.

41.    The training will be conducted as follows:

i.    **Non-Managerial Employees:** During each year of this Decree, Defendant will provide non-managerial employees with a copy of its EEO policies via the company's workday portal.

ii.    **Managerial and Supervisory Employees:** Defendant will require all individuals who work in a managerial or supervisory capacity, including but not limited to all labor relations managers, recruiting managers, regional managers, terminal managers, and assistant terminal managers who have hiring authority, to receive at least two (2) hours of training annually regarding Title VII and other federal anti-discrimination laws. Half of this training must directly address discrimination on the basis of sex in the hiring process, and the training must include instruction in the proper methods of receiving complaints about, communicating about, investigating (where applicable), and ameliorating discrimination in the hiring process.

10

Defendant shall emphasize with managerial and supervisory employees that due to their position of responsibility, such employees (a) must be particularly vigilant not to discriminate, (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid discriminating against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory who have hiring authority position to complete the training within thirty (30) days of being hired or promoted. The training under this Paragraph must be provided by outside vendors who have not provided counsel in this matter.

iii.  **Human Resources Employees:** Defendant will require all individuals who provide Human Resources advice to management to receive at least three (3) hours of training annually regarding Title VII and other federal anti-discrimination laws related to hiring. At least one hour must directly address sex-based discrimination related to hiring, and at least one hour must be instruction in the proper methods of receiving complaints about, communicating about, investigating (where applicable), and ameliorating discrimination related to hiring, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. Additionally, Defendant will require employees who are newly hired or promoted into a position that provides Human Resources advice to management to complete the training within thirty (30) days of being hired or promoted into a human resource position. The training under this Paragraph must be provided by outside vendors who have not provided counsel in this matter.

iv.  The first such training session for each employee group identified above will take place within ninety (90) calendar days after the Court's entry of this Decree.

11

Defendant agrees that all its personnel shall both register and attend the training sessions.

42.    The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend and observe a session, upon at least five (5) days' notice to Defendant. Defendant shall provide the Commission with thirty (30) calendar days' notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

**D.    *Notice Posting***

43.    Within forty-five (45) calendar days after completion of the policy review required herein, the policy shall be posted in a prominent location where other required postings are located, at Defendant's facilities and/or terminals nationwide, distributed to employees via Workday, and distributed to each current employee.   The written EEO policies shall be distributed to all new employees when hired.

44.    Within fifteen (15) calendar days after entry of this Decree, Defendant shall post in each of its facilities/terminals, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit A. The Notice shall remain posted for two (2) years and six (6) months. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within twenty (20) calendar days after entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**E.    *Consent Decree Monitor***

45.    **Appointment.** Within thirty (30) days after entry of this Decree, Defendant must contract with an individual with at least 10 years of experience practicing employment law or consulting with employers regarding best practices who will act as the Consent

12

Decree Monitor ("Monitor") to review and verify the implementation by Defendant of the terms of this Decree. Any Monitor selected must receive pre-approval from the EEOC. In the event the Defendant and EEOC cannot agree on a Monitor within fifteen (15) days after entry of this Decree, the matter will be submitted to the Court for determination.

46.    **Replacement.** In the event the Monitor is unable or unwilling to continue to serve, Defendant will select a different monitor pursuant to the process set forth in the preceding paragraph.

47.    **Monitor's Responsibilities.** During the term of the Decree, the Monitor will have the following responsibilities:

i.    Within ninety (90) days after entry of the Decree, and every six (6) months for the duration of the Decree, the Monitor shall review a reasonable amount of selected records relating to recruitment and hiring for truck driver positions in the United States, including without limitation, job applications, job postings, recruitment efforts, interview notes of applicants, documents related to hiring and non-hiring decisions, and documents for successful and unsuccessful job applicants for the specified positions;

ii.    The Monitor shall continually evaluate whether Defendant has taken appropriate and reasonable action to protect applicants from sex discrimination. The Monitor shall make recommendations for corrective actions to Defendant.

iii.    The Monitor shall review all records documenting employee complaints of discrimination in the hiring process based on sex, including oral and written complaints, charges of discrimination, and records relating to such complaints. The Monitor shall make recommendations for corrective actions to Defendant.

iv.    The Monitor, to the extent necessary, shall make recommendations to Defendant regarding compliance with this Decree;

v.    The Monitor shall report to the EEOC every six (6) months regarding what actions he/she took during the prior six (6) month reporting period(s).

13

vi. The Monitor shall ensure that Defendant provides each employee a copy of its revised EEO policies, as set forth above;

vii. The Monitor shall evaluate whether Defendant has taken appropriate and reasonable measures to protect female applicants for truck driving positions with Defendant from discrimination in the hiring and recruiting process for such positions nationwide;

viii. The Monitor shall review and analyze the data regarding recruiting and hiring by Defendant for all terminals nationwide to determine whether Central Transport is appropriately considering qualified female applicants for truck driver positions and doing so in a nondiscriminatory manner, but under no circumstances shall the monitor seek to impose quantitative hiring goals or quotas on Central Transport;

ix. The Monitor shall meet at least quarterly with Defendant's employees responsible for ensuring compliance with this Decree and Defendant's human resources employees to ensure that Defendant is in compliance with other EEO obligations, including under Title VII;

x. For the duration of this Decree, and for two years thereafter, the Monitor shall maintain all original documents received and generated by the Monitor during the Monitor's term.

xi. The Monitor shall review for adequacy the training agendas and materials identified in Paragraph in this Decree.

xii. The Monitor shall provide semi-annual reports to the EEOC for each six-month period after entry of this Decree regarding Defendant's compliance with the terms of this Decree. The reports shall be due thirty (30) days following the respective six (6) month period, except the final report which shall be submitted to the Commission four (4) weeks prior to the date on which the Consent Decree is to expire.

**VIII. RECORDKEEPING AND REPORTING PROVISIONS**

48. Defendant shall, in consultation with the Outside Consultant, create and

14

implement a recordkeeping system that at a minimum conforms with that required by 29 C.F.R. § 1602.14, including, but not limited to, retaining and not destroying application forms submitted by applicants and other records submitted to or prepared by Central Transport in the hiring process, personnel or employment records relating to all employees holding truck driver positions, or any applications, forms, records or tests completed by an unsuccessful job applicant for a truck driver position and other candidates who applied for the same truck driver position as for which the unsuccessful job applicant applied and was rejected.

49.    Within ninety (90) calendar days after entry of this Decree and with the assistance of the Outside Consultant, Central Transport will develop and distribute to employees involved in the hiring process a document retention policy reflecting the requirements of this section (Recordkeeping and Reporting Provisions) and their subparts. Central Transport will also require employees to acknowledge receipt of the retention policy. In addition, Central Transport will provide all new managerial employees involved in the hiring process with a copy of the document retention policy during their onboarding process for the duration of the Decree. Within one hundred and twenty (120) days after entry of the Decree Defendant will provide the EEOC with a copy of the document retention policy and documentation reflecting employees' acknowledgement and receipt of the policy. Semi-annually thereafter (at six-month intervals), Central Transport shall provide reports to the EEOC which list new management employees involved in the hiring process who have acknowledged receipt of the policy during their onboarding.

50.    For the duration of this Decree, Central Transport shall maintain all records created during the hiring process concerning implementation of this Decree, including, but not limited to, the following:

i.    All hardcopy and electronic documents related to successful and unsuccessful paper and electronic application records for truck driving positions to include, but not limited to, any paper applications, electronic application records, EEO Forms, all applicant submissions, recruiter records, records of application reviews, interview

records, records concerning the status of the application and final disposition of the application, all notes created during the application process, all documents relied upon by decisionmakers in selecting applicants from any recruitment to final selection for hire, and all job offers and declinations for truck driver positions;

ii. Driver Qualification Files;

iii. Payroll records;

iv. Job advertisements;

v. Complaints of discrimination and records documenting investigation of such complaints regarding sex in the applicant or hiring process, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

51. Defendant, after review by the Outside Consultant, shall provide semi-annual reports for each six-month period after entry of this Decree. The reports shall be due thirty (30) calendar days following the respective six-month period, except the final report which shall be submitted to the Commission ninety (90) days prior to the date on which the Decree is to expire.

52. **Reporting Requirements:** Each report shall provide the following information:

a. **Reports of Discrimination**

i. For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex in the hiring process. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," or "treated differently" and other such language that indicates an allegation of discrimination. For example, if a female

16

applicant reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment or sex discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

ii. The report will include: (a) the name, address, email address, and telephone number of each person making a complaint of sex discrimination in the application or hiring process to Defendant or to any federal, state, or local government agency; (b) the name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination; (c) a brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and (d) copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

b. **Training**

i. For each training program required under this Decree, and conducted during the reporting period, Defendant shall submit a registry of attendance.

ii. For each training program required under this Decree, and completed during the reporting period, Defendant shall provide a certificate of completion.

iii. For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant or vendor and provide a copy of the program agenda.

17

c. **Applicant Flow Data** - Central Transport shall submit electronic application records and hiring records for all LTL truck driver positions in electronic format using comma delimited format (".csv") or an Excel spreadsheet (PDF is unacceptable) to the Monitor at six-month intervals (semi-annually) after entry of the Decree for the term of the Decree. The applicant flow shall include at a minimum, in separate data fields: the Applicant ID, applicant's last name, first name, sex (if provided by applicant), home address, city, state, zip code, home phone number (if provided by applicant), cell phone number (if provided by applicant), date of application, position applied for, each step in the selection process including the final disposition of the applicant indicating at a minimum if the applicant was hired, rejected, withdrew, the reason for any rejection and the date the applicant was rejected, or the date the applicant withdrew or was selected for hire, as applicable. Central will provide the data to a monitor at regular intervals. Additionally, the EEOC can request, no more frequently than bi-annually, applicant and hiring data provided to the monitor in the prior six-month period.

d. **Job Postings** - For the duration of the Decree and for all truck driver positions nationwide, Central Transport shall maintain copies of advertisements and related information, opening and closing dates of the advertisement, a description where the advertisement was placed, and the uniform resource locator (URL web address) of the posting. Copies of all job advertisements and related information described above concerning truck driver vacancies shall be submitted to the Monitor with the applicant flow reporting every six months after entry of the Decree.

e. **Employee Database** - Within ninety (90) calendar days after entry of the Decree, Defendant will create and maintain a centralized electronic database for tracking all employees at Central Transport facilities nationwide, including at its corporate headquarters. The database will include, at a minimum: a Unique ID

18

(e.g. Employee ID), the employee's full name, home address, home telephone number (if provided), sex (if provided by the employee), date of hire, position title at time of hire, facility at time of hire, current position title, current facility assignment, and whether the employee is full-time or part-time. Central Transport shall retain this information for the term of this Decree and thereafter as required by federal law.

f.  **Posting of Notice** - Defendant shall recertify to the Commission that the Notice required to be posted under Section VII.D. of this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

g.  **Policy Review** - Defendant shall report on the status of the EEO policy review related to sex in the hiring process and sex discrimination related to the hiring or applicant process required under Section VII.B. above.

h.  **Individual Relief** - Defendant shall report on the status of the Individual Relief, including offers of hire and acceptances as required under Section VI above.

## IX. RETENTION OF JURISDICTION, DISPUTE RESOLUTION AND ENFORCEMENT OF DECREE

53.  This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

54.  There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

55.  In the event that the EEOC concludes that Defendant is not in compliance with any of the terms of this Decree, prior to any attempt to enforce the terms of this Decree, the EEOC shall provide written notice detailing any alleged non-compliance and allow the Defendant the opportunity to cure the alleged violation. After such written notice, the EEOC and the Defendant shall conduct a conference call within fourteen (14) calendar days of the written notice of the alleged non-compliance to discuss any remaining dispute.

19

Defendant shall have fourteen (14) calendar days from the conference call to cure any identified non-compliance prior to the EEOC exercising any enforcement, extension, or remedy provided herein.

56. The Parties shall each bear their own expenses and costs, including attorneys' fees for conducting any conferral pursuant regarding any alleged violation of this Decree.

57. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action subject to the notice to cure. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

58. Absent extension, this Decree shall expire by its own terms at the end of two (2) years and six (6) months from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Central Transport and/or the Claims Administrator with a copy of the 1098-F form that the EEOC will provide to the IRS. The EEOC has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the 1098-F Form by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant

to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

59.    Defendant Central Transport LLC's EIN is:85-3943702

60.    The individuals to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one, is: Kevin Kalczynski, at 12225 Stephens Rd, Warren, MI, 48089.

## XII.    MISCELLANEOUS PROVISIONS

61.    The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or transfer, and only during the term of the Decree as defined in Paragraph 8, of any sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

62.    When the Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer or management employee's knowledge, information and belief.

63.    Defendant shall require personnel within their employ, upon request by the EEOC with at least five (5) days' notice, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree at mutually convenient times.

## XIII. NOTICE

64.    Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by email or by certified mail, postage prepaid, as follows:

21

| TO EEOC: | To Defendant: |
|---|---|
| Mary Jo O'Neill<br>Regional Attorney<br>EEOC Phoenix District Office<br>3300 N. Central Ave., Ste. 690<br>Phoenix, AZ 85012<br>mary.oneill@eeoc.gov<br>jess.acosta@eeoc.gov | Kevin Kalczynski<br>In-House Counsel<br>12225 Stephens Rd.<br>Warren, MI 48089<br>kkalczynski@centraltransport.com |

## XIV.   SIGNATURES

The parties agree to the entry of this Decree subject to final approval by the Court.

**SO ORDERED** this 14th day of May, 2026.


BY THE COURT:

Honorable John J. Tuchi

United States District Judge

## BY CONSENT:

Equal Employment Opportunity
Commission

By: _Mary Jo O'Neill_
Mary Jo O'Neill
Regional Attorney

Date: _4/30/2026_

Central Transport, LLC

By: _Kevin Kalczynski_

Date: _____

APPROVED AS TO FORM:

/s/ Jeff Lee
Jeff Lee
Senior Trial Attorney
EEOC Albuquerque Field Office
500 Gold Avenue, SW., Ste. 6401
Albuquerque, NM 87103

/s/ Leah S. Freed
Leah S. Freed, SBN 021332
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road

22

Attorney for Plaintiff EEOC

Phoenix, AZ 85016

Attorney for Defendant Central
Transport, LLC

23

**EXHIBIT A**

In consideration for $_____ paid to me by Central Transport, in connection with the resolution of EEOC v. Central Transport, I waive my right to recover for any claims of sex discrimination in hiring arising under Title VII  that I had against Central Transport prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Central Transport, 2:26-cv-02201-JJT.

Date: _____ Signature: _____

24

**EXHIBIT B**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Central Transport, LLC*, filed in the United States District Court for the District of Arizona, Civil Action No. 2:26-CV-02201-JJT.

Management of Central Transport LLC wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. Central Transport seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic status. This policy extends to insurance benefits and all other terms, conditions, and privileges of employment.

Federal law makes it unlawful for an employer to discriminate based upon the race, color, religion, sex, pregnancy, national origin, age, disability, or genetic status of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because they have requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination, or because he or she has associated with an individual or individuals who have made discrimination complaints, filed charges of discrimination, or participated in investigations of charges.

Central Transport respects the right of its employees and applicants for employment to work in an environment free from discrimination, harassment, or retaliation. Accordingly, Central Transport reaffirms its commitment to complying with federal law and prohibiting all discrimination based on sex. Central Transport also affirms that no individual will be retaliated against for their participation in complaint activity, charge filing, or association with individuals who engaged in protected complaint and charge filing activities.

Any employee who believes that they have suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, disability, or genetic status has the right to contact the EEOC at the Public Portal at www.eeoc.gov, contact the EEOC directly at 1-800-669-4000, or contact the Civil Rights Division of the Arizona Attorney General's Office at 602-542-5025. In compliance with federal law, no official at Central Transport will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart, the Civil Rights Division of the Arizona Attorney General's Office.

This Notice shall remain posted for two (2) years and three (3) months.

25

By:_____          Date:_____

Central Transport, LLC
[Insert Name]
[Insert Title]